NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMANE M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 23-4560 (RK) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court on Imane M.'s ("Imane")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for disability benefits. (ECF No. 1.) Currently before the Court is the Commissioner's motion to remand the case to the Commissioner for further proceedings. (ECF No. 10.) The Plaintiff requests the Court to remand the matter for the calculation and award of benefits. (ECF Nos. 6, 11.) Therefore, the parties agree that the matter should be remanded, differing only as to the terms of the remand. The Court has jurisdiction to review this motion under the fourth sentence of 42 U.S.C. § 405(g)[2] and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, the Court **DENIES** the Commissioner's motion to remand, **REVERSES** the Commissioner's decision, and **REMANDS** the matter to the Commissioner for the calculation and award of benefits.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[2] Under that provision, the Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.      **BACKGROUND**

On May 27, 2020, Plaintiff filed an application for disability insurance benefits alleging disability as of July 1, 2019, due to bilateral heel pain, difficulty walking, and depression. (Administrative Record ("AR") at 62-3.)[3] The Social Security Administration (the "Administration") denied Plaintiff's request both initially, (*id.* at 85–86), and on reconsideration, (*id.* at 103). At Plaintiff's request, administrative law judge ("ALJ") Leonard Costa held a hearing on January 10, 2022. (*Id.* at 29.) At the hearing, Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (*Id.* at 35–61.) On April 8, 2022, the ALJ issued a written decision finding Plaintiff not disabled because sufficient jobs existed in the national economy that she could perform given her residual functional capacity ("RFC"). (*Id.* at 29.) However, the ALJ's opinion misquoted the VE's testimony at the hearing regarding the number of jobs available to Plaintiff, stating that 12,500 jobs existed in the national economy for someone with Plaintiff's RFC. (*Id.* at 28.) In actuality, the VE testified that only 5,300 jobs existed at the national level for someone with her RFC. (*Id.*) Plaintiff appealed the ALJ's decision, and the Administration's Appeals Council denied her appeal, rendering the ALJ's decision final. (*Id.* at 1–3.)

Plaintiff then appealed the ALJ's decision to the District Court for the District of New Jersey on August 15, 2023. (ECF No. 1.) In her brief filed on December 4, 2023, Plaintiff argued that substantial evidence supports finding her disabled because 5,300 jobs was an insufficient number of available positions in the national economy that she could perform. (ECF No. 6.) Plaintiff sought the Court to reverse the ALJ's decision and award benefits or alternatively that the claim be remanded for further proceedings. (*Id.* at 32.) On February 2, 2024, the Commissioner

---

[3] The Administrative Record ("Record" or "AR") is available at ECF No. 5. This Memorandum Opinion will reference only page numbers in the Record without the corresponding ECF numbers.

filed a motion to remand, conceding that (1) the "ALJ misstated portions of the VE's testimony regarding the number of jobs that existed in the national economy" and (2) the ALJ did not consider the VE's testimony that Plaintiff was limited to "occasional interaction with the general public, coworkers, and supervisors" and how this limited Plaintiff's ability to perform the jobs referenced by the VE. (ECF No. 10 at 3.) The Commissioner argued that these errors created "factual issue[s] that must be fully and properly evaluated by an ALJ before a finding on disability can issue." (*Id.*) As a result, the Commissioner claims that remand for further proceedings, not a reward of benefits, is appropriate. (*Id.* at 4.) Plaintiff responded to the motion to remand, reiterating her position that an award of benefits is merited because no factual dispute exists as 5,300 jobs is the correct number, and the administrative record supports a finding of disability at Step 5. (ECF No. 11.) The Commissioner filed a reply brief, (ECF No. 12), and Plaintiff filed a sur-reply, (ECF No. 13).

## II.     LEGAL STANDARD

Courts are not limited to ordering a remand for further proceedings. Instead, "[w]hen reversing the [Administration]'s decision under 42 U.S.C § 405(g), courts 'may choose to remand to the Secretary for a further hearing or simply . . . award benefits.'" *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357–58 (3d Cir. 2008) (quoting *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984)). Outright reversal with an award of benefits is appropriate only when a fully developed administrative record contains substantial evidence that the claimant is disabled and entitled to benefits. *Podedworny*, 745 F.2d at 221–222; *see also Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). Remand for further hearings is appropriate when there is a factual dispute, *i.e.* when there is conflicting evidence and essential factual issues have not been resolved. *See Fargnoli v. Massanari*, 247 F. 3d, 34, 40 (3d Cir. 2001).

The ALJ applies a well-established "five-step sequential evaluation process" to determine whether a claimant is "disabled" as defined in the Social Security Act. 20 C.F.R. § 404.1520(a). The ALJ must determine whether the claimant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy.

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f)). In the first four steps, the claimant bears the burden of demonstrating a medically determinable impairment that prevents her from doing past relevant work. *See* 20 C.F.R. § 404.1412(a); *Wallace v. Secretary of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). At Step 5, the Commissioner bears the burden of proving that work exists for the claimant in significant numbers in the national economy. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).

### III.   DISCUSSION

Plaintiff asserts that the instant action should be remanded for the award of benefits because the ALJ did not identify a significant number of jobs in the economy that Plaintiff can perform. (ECF No. 6 at 12.) The Commissioner does not contest that the correct number of jobs available to Plaintiff based on the VE's testimony is 5,300. (ECF No. 10 at 3–4.) The Commissioner further concedes that the "ALJ misstated portions of the [VE]'s testimony regarding the number of jobs that existed in the national economy" by referencing a higher number of jobs available than what the VE testified to. (*Id.*) The ALJ then "relied on the misstated numbers of jobs to find that Plaintiff was not disabled." (*Id.*) As a result, no factual dispute exists as to what the correct number of jobs are for someone with Plaintiff's RFC, which is 5,300 jobs. (*Id.*)

Deciding whether to remand for further proceedings or directly award benefits requires the Court to consider two factors: whether the record is fully developed and establishes the claimant's entitlement to benefits and whether there has been excessive delay in litigating the claim. *See Podedworny,* 745 F.2d at 221–22 (citations omitted). The Court "can award benefits only when [first] the administrative record of the case has been fully developed and [second] when substantial evidence on the record as a whole indicates that the plaintiff is disabled and entitled to benefits." *Gilliland v. Heckler,* 786 F.2d 178, 184 (3d Cir. 1986). These requirements are met when no factual disputes exist, and the record is "unlikely to benefit from further development." *Nazario v. Comm'r Soc. Sec.,* 794 F. App'x 204, 212 (3d Cir. 2019) (remanding to award benefits in a case where VE's answers already "contained substantial evidence that the claimant suffered from a severe mental disability that rendered her unable to engage in substantial gainful activity" and further development of the record served little benefit).

When evaluating a claimant's entitlement to benefits, the Court also considers the procedural posture of a case, "particularly which party bears the burden of proof and production on issues of disability." *Diaz v. Berryhill,* 388 F. Supp. 3d 382, 391–92 (M.D. Pa. 2019) (*citing Mason v. Shalala,* 994 F.2d 1058, 1064 (3d Cir. 1993)). Thus, remand solely to calculate and award benefits is more appropriate in cases where the only dispute is over whether the Commissioner has met his burden of demonstrating that there are significant jobs remaining for the plaintiff in the national economy. *Michelle N. v. Kijakazi,* No. 22-10, 2022 WL 10048869, at *6 (D.N.J. Oct. 17, 2022) (citing *Beirouti v. Comm'r of Soc. Sec.,* No. 20-5006, 2021 WL 6037594, at *1 (E.D.N.Y. Dec. 21, 2021)).

The Court finds that the factual record at Steps 1 through 4 (in which Plaintiff carried the burden) is fully developed and establishes Plaintiff's entitlement to benefits. (*See* AR at 19–29.)

The Commissioner's only objection to the award of benefits is based on the Step 5 analysis. (*See generally* ECF No. 10.) The Commissioner argues that the ALJ's error in relying on the wrong number of jobs creates "an unresolved question of fact as to what other jobs the vocational expert might identify and in what numbers, had the ALJ pursued further questioning." (ECF No. 12 at 2–3.) However, the Commissioner never denies that 5,300 jobs is the correct number offered by the VE. (*See generally* ECF Nos. 10, 12.) Essentially, the Commissioner seeks remand for a new hearing so that the ALJ can ask further questions that *might* create a factual dispute rather than clarify an existing dispute evident in the record. *See Podedworny*, 745 F.2d at 221-22 (noting that in cases with no factual disputes and substantial evidence supporting a finding of disability, "it is unreasonable for a court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would result only in further delay in the receipt of benefits.") However, the Court finds no factual dispute as to the correct number of jobs Plaintiff can do given her RFC, which is 5,300, as testified to by the VE. (AR at 56.) Accordingly, the Court must determine whether the 5,300 jobs available to Plaintiff in the national economy are sufficient for the Commissioner to satisfy its burden of proof at Step 5. *See Beirouti*, 2021 WL 6037594, at *1 (finding remand for the award of benefits appropriate when the commissioner failed to demonstrate "that there are, despite any impairment, [significant] jobs remaining for the plaintiff in the national economy.").

The Social Security Act sets no lower limit for what constitutes a "significant" number of jobs. *See July V.M. v. Kijakazi*, No. 21-4141, 2021 WL 5905940, at *4 (D.N.J. Dec. 8, 2021). Cases interpreting the word "significant" have not provided clear guidance. The U.S. Court of Appeals for the Third Circuit has noted that "the existence of 200 relevant jobs in the *regional* economy is a clear indication that there exists in the *national* economy other substantial gainful

6

work which [the plaintiff] can perform." *Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir. 1987). There is no regional data in this record, however, and no indication as to how such data would translate to a national figure. Nonetheless, Courts of several federal Districts have found that fewer than 10,000 nationally available jobs generally do not constitute a "significant" number.[4] The Commissioner also makes no claim that 5,300 jobs at the national level is significant. (*See generally* ECF Nos. 10 and 12.) Thus, the Commissioner failed to satisfy the burden at Step 5, because 5,300 jobs is not a significant number.

Further, the Commissioner and Plaintiff note the ALJ's failure to adequately consider Plaintiff's limitation of "occasional interaction with the general public, coworkers, and supervisors" in his Step 5 analysis. (ECF No. 10 at 4; ECF No. 6 at 9.) This limitation would impede Plaintiff's ability to obtain the requisite training to perform the jobs outlined by the VE. (AR at 25.) (where the VE testified that if Plaintiff was limited to occasional interactions with supervisors and coworkers during the initial 30-day training period, she "would [ ] not be retained.") Accordingly, this evidence demonstrates that Plaintiff's disability would prevent her from working altogether. (*Id.*) The Commissioner's request to remand for additional proceedings on account of the ALJ's failure to consider this limitation ignores the more important point, that based on the VE's testimony, "no reasoned review could yield any conclusion other than a finding

---

[4] *See Sheerer v. Saul*, No. 18-1261, 2020 WL 758823, at *2 n.2 (W.D. Pa. Feb. 14, 2020) (finding that jobs numbering in the low thousands that the claimant could perform is not sufficient to show a significant number of jobs in the national economy); *Hamilton v. Colvin*, 105 F. Supp. 3d 223 (N.D.N.Y. 2015) (finding 5,160 insufficient but stating that "numbers of jobs in the ballpark of 10,000 to 11,000 nationwide have been held significant"); *Clark v. Comm'r of Soc. Sec.*, No. 17-501-FtM-99DNF, 2019 WL 1091244, at *4 (M.D. Fla. Mar. 8, 2019) (finding "10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy"); *West v. Chater*, No. C-1-95-739, 1997 WL 764507, at *1 (S.D. Ohio Aug. 21, 1997) (finding 45,000 jobs nationally did not constitute a "significant" number of jobs under the statute.); *James A. v. Saul*, 471 F.Supp.3d 856, —— (N.D. Ind. 2020) ("[t]o the Court's knowledge, 14,500 is far below any national number of jobs that the Seventh Circuit Court of Appeals has determined to be significant," and ruling that this figure, representing "approximately 1 out of every 10,000 jobs, in the national economy is not a significant number of jobs."); *Lemauga v. Berryhill*, 686 F. App'x 420, 422 n.2 (9th Cir. 2017) (noting 12,600 jobs does not represent a significant number); *Gray v. Colvin*, No. 12–CV–6485, 2014 WL 4146880, at *6 (W.D.N.Y. Aug. 19, 2014)(finding over 16,000 jobs nationally available was significant).

of entitlement to benefits." *Beirouti v. Comm'r of Soc. Sec.*, No. 20-5006, 2021 WL 6037594 at *2 (E.D.N.Y. Dec. 21, 2021).

While the ALJ's failure to consider this limitation in his Step 5 analysis presents an unresolved factual issue, the ALJ's consideration of this could only lead to *fewer* jobs available to Plaintiff and a finding of disability. *See Sutton v. Comm'r of Soc. Sec.,* No. 19-15667, 2020 WL 4432504, at *5 (D.N.J. July 31, 2020) (finding it puzzling "how plaintiff could be expected to perform the jobs suggested, when the VE explicitly stated that a person with Plaintiff's exertional limitations" would be unable to complete the training required for the jobs). Accordingly, the administrative record in this case sufficiently establishes Plaintiff's disability at Step 5, such that further proceedings before the ALJ are unlikely to change this conclusion. *See* AR at 25; *Beirouti,* 2021 WL 6037594 at *3; *Podedworny,* 745 F.2d at 221-22.

Remand is further merited by the delay Plaintiff has faced in having her claim adjudicated. Courts measure delay both in terms of the passage of time and by reference to whether there have been prior appeals or remands. (*Id.*); *see also Michelle N.*, 2022 WL 10048869, at *5 (noting that a first appeal pending for over three years since Plaintiff filed her claim is considered a "shorter delay," but nevertheless the court remanded to calculate benefits); *Beirouti,* 2021 WL 6037594 at *1 (remanding for the award of benefits when plaintiff's case was pending for three and a half years). Like in *Michelle N.* and *Beirouti,* the instant case has been pending for approximately three years and is on its first appeal to the District Court. (*Id.* at *5). Additionally, in the instant case, the ALJ caused all the delays.[5] (AR at 287-30) The Court notes that delay alone cannot justify remand for the award of benefits. *See Fitzgerald v. Apfel,* 148 F.3d 232, 235 (3d Cir. 1998) ("absent

---

[5] Plaintiff's counsel notified the ALJ on April 8, 2022, and May 3, 2022, that the ALJ erred in its reference to the VE's testimony, but the ALJ did not amend his decision or respond to these letters. The first response Plaintiff received in this matter was the Commissioner's motion to remand filed on February 2, 2024.

a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits)). However, the time elapsed since Plaintiff filed for disability benefits, coupled with an administrative record that indicates the Commissioner failed to meet the Step 5 burden, support the Court's conclusion that remanding the instant case for additional proceedings would be unreasonable and futile. *See Michelle N.*, 2022 WL 10048869 at *6. Instead, remanding for the calculation and award of benefits is merited. (*Id.*)

## CONCLUSION

Having reviewed the record as a whole, Commissioner's motion to remand for further proceedings is **DENIED** and the Court will **REVERSE** the Commissioner's decision and **REMAND** the matter to the Commissioner for the calculation and award of benefits. The Court issues an order consistent with this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: May 8th, 2024